KENNEDY v. NEW YORK LIFE INSURANCE COMPANY.

A special plea to that effect, is necessary to put the plaintiff upon proof of his interest in the life insured.

The agent of a foreign insurance company received the premium upon a life insurance, and gave his receipt, which, it was agreed, should be exchanged for a policy, within thirty days, if the insurance was not rejected by the parent office. *Held :* The "temporary policy" did not terminate at the expiration of thirty days. That time was fixed as the period within which the policy was to be exchanged for one from the parent office. It was the duty of that office to forward the rejection of the contract, made by their agent, to the office at New Orleans, (where the "temporary policy" was entered into,) immediately on receiving notice of the contract made on their behalf by their agent. The insurance office could not therefore relieve itself from liability by rejecting the insurance, when, after the lapse of thirty days, it received notice of the death of the person insured.

*Kennedy* had an insurable interest in the life of *Mathews* to the extent only of one half of the amount due by *Mathews* to *Kennedy & Foster.*—LEA, J.

APPEAL from the Fourth District Court of New Orleans, *Reynolds,* J. *Wolfe & Singleton,* for plaintiff.·

*R. Hunt* and *Bright,* for defendants and appellants :

A policy in the name of a single partner, is limited to his own share. 2 Duer, 20, 24, n. III ; 1 Arnould, 147 ; 3 Kent., 258 ; *Graves* v. *Boston Co.,* 2 Cranch, 419.

MERRICK, C. J. On the 21st day of May, 1852, the defendant, through *C. C. Lathrop,* its agent at New Orleans, entered into the following agreement with the plaintiff, viz :

"AGENCY NEW YORK LIFE INSURANCE COMPANY,

*No. 92 Camp street, New Orleans.*

TEMPORARY POLICY NO. 41.

Received of *Samuel H. Kennedy,* Esq., the sum of $157, as specified below in full, for twelve months' premium on the amount of $5000 herewith insured on the life of *David Wooldridge Matthews,* subject to the usual conditions contained in the policies of the New York Life Insurance Company.

It is hereby agreed that a policy from the parent office for the above amount $5000 shall be exchanged for this, within thirty days from this date : provided, the risk is accepted ; but if rejected, this temporary· policy shall become void on receipt of such rejection at this office, when a *pro rata* amount of the premium received shall be returned.

$93 30 costs,.

62 20 note,          [Signed]·          C. C. LATHROP,

1 50 policy..                                  *Agent."*
_____
$157 00

At the time this agreement was made, and subsequently, the·parties were treating for an insurance for life upon the life of *Matthews,* who, it seems, at that time, was under medical treatment. The physician of the company having given it as his opinion that, from the improved state of *Matthews'* health, it would be safe to issue a temporary policy at once, the above instrument was· executed.

It further appears that *Matthews* went to Louisville, where he continued under medical treatment until his death, the 3d of September of the same year,

KENNEDY
v.
N. Y. LIFE IS. CO. the proposition for an insurance for life, still being entertained and only awaiting the certificate of the Louisville physician to be issued. He died of tubercular consumption. There is nothing in the testimony to induce a suspicion that *Kennedy, Matthews* and the physician of the company were not acting in the most perfect good faith at the time the agreement was entered into.

After the death of *Matthews*, the President of the company having been informed thereof by *C. C. Lathrop,* the agent, directed him (*Lathrop*) to deduct the *pro rata* premium for thirty days, and return the remainder of the premium paid to *Kennedy*, the plaintiff, advising *Lathrop* that the application forwarded to that office, upon examination on receipt, was declined or suspended until Mr. *Matthews'* complete recovery.

This appears to be the first notice of the rejection, (if such it can be called,) of the temporary policy issued the 21st of May.

The answer admits *Lathrop's* authority to enter into said agreement. The first question, therefore, is, Did the temporary policy terminate at the expiration of the thirty days?

We are satisfied that it did not so terminate. The thirty days were fixed as the period in which the policy was to be exchanged for one from the parent office, if the risk should be accepted by the parent office. This period was in the interest of the company, and was for the purpose of enabling the parent office to reject, if they should see fit, the contract entered into by their agent. And it was their duty to forward the rejection of the contract made by their agent, to the office at New Orleans, within the thirty days, and immediately on receiving notice of the contract made on their behalf by their agent. 11 L. R. 286.

The acknowledgment of the receipt of the premium for the insurance upon the life of *David Wooldridge Matthews*, for the amount of $5000, for twelve months, shows that, in contemplation of the parties, the contract was for insurance for one year. If the policy should be rejected by the company, it did not annul the contract made by their agent for the past; it terminated it for the future only. The insured was to receive back his premium *pro rata* for the time remaining, and, as a consequence of the retaining of the premium between the date of the temporary policy and the notice, the company were liable to the risk during the same period. We have no doubt of the liability of the company upon the instrument produced in evidence.

We have looked into the evidence offered by defendant and rejected by the court. It was not communicated to the insured, and its reception could have had no influence upon the case. It is objected in this court, that the insured was without an insurable interest to the amount of the policy taken out, and that, therefore, the judgment should be either reduced in amount or absolutely in favor of the defendant.

There would be more force in this objection if the defendant had put the fact at issue in his answer.

The answer, after admitting the execution of the policy by *Lathrop*, as their agent, is but a general denial as to all other matters.

We think in order to put the plaintiff upon proof of interest in the life insured, there should have been a special allegation to that effect. The contract of insurance is one of indemnity; but in the life insurance, the amount of the indemnity, we think, like a valued policy, is agreed upon before hand, and the other party ought not, under our system of pleading, to contest this admission in his contract, without putting it expressly at issue.

Perhaps in the action of assumpsit at common law upon a policy of life insurance, under the general issue, it might be necessary to show an interest in the life insured, but then it would be because, in the action of assumpsit, that plea puts every thing at issue, the consideration, as well as every thing tending to show that there was an indebtedness on the part of defendant.

KENNEDY
*v.*
N. Y. LIFE IS. CO.

Under this plea, the defendant might give in evidence the illegality of the contract, coverture, lunacy, and in fine, everything which would show that the plaintiff was not entitled to recover. 3 Greenleaf, No. 135. At common law also, upon simple contract debts, that is, on contracts not under seal, (and of this nature we take the policy of insurance to be,) it was necessary in all cases that the party suing upon such contract, should prove the consideration for the promise.

Our law, on the contrary, presumes every contract which does not appear illegal or immoral on its face, to be made for a valid cause and upon a sufficient consideration, and it is incumbent upon him who would put the opposite party upon the proof of the sufficiency of the cause, to do so, specially by his pleadings. 2 L. R., 455.

As a general rule in life insurance, there is no distinction between total and partial losses. Annesley, 207.

If a party is not permitted under our law to recover on an insurance for life, in a life in which the insured has no interest, it is because it is a wager and, as such, is against the policy of our law. It is evident, then, that the defendant who would avail himself of the defence, should plead it. *Harvey* v. *Fitzgerald*, 6 M. R. 550.

It is true that the plaintiff, in his petition, has alleged that he had an interest in the life insured, and he has also adduced proof to show that he was the surviving partner of *Kennedy & Foster*, and that *Matthews*, as a member of the insolvent firm of *Matthews & Patch*, was indebted to *Kennedy & Foster*, in a sum somewhat larger than the amount covered by the policy. Perhaps under the authority of *Millaudon* v. *Atlantic Insurance Company*, 8 L. R. 557, the plaintiff would be entitled to recover, had the defendant put the interest of the plaintiff directly at issue. However this may be, under the view we take of the case, the allegation in plaintiff's petition was unnecessary, and the introduction of proof, out of extreme caution, cannot be permitted to prejudice his case. It is a well settled rule of law, that unnecessary allegations, need not be proven. *Montgomery* v. *Meyers*, 2 An. 276.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be affirmed, with costs.

SPOFFORD, J. Although the fact of the plaintiff's interest, as a creditor, in the life of *Matthews*, appears to me to have been put at issue by the pleadings, yet I do not find that the extent of that interest was put at issue at all.

The defendant, it seems, has raised that question for the first time in this court.

I therefore think the judgment should not be disturbed, unless it appears affirmatively and conclusively from the evidence, that the plaintiff's interest was less than the amount insured.

But the evidence is quite consistent with the opposite hypothesis. For instance, if the plaintiff was in advance to his firm, of *Kennedy & Foster*, or if the assets of the firm were less than the liabilities, and the succession of *Fos-*

*ter*, insolvent, or if at the time the insurance was effected, *Kennedy*, as is proba-
ble, had the sole administration of the partnership affairs, it might follow that
he had an insurable interest in *Matthews'* life, to a greater amount than the
policy specified.

I therefore concur in the judgment.

LEA, J. I fully concur with the other members of the court, in the opinion
which has been read, so far as it recognizes the liability of the defendant upon
the contract of insurance; the only difference between us, has reference to the
measure of that liability. The plaintiff, *Samuel H. Kennedy*, insured the life
of his debtor, *Matthews*, for the sum of $5,000. The latter having died within
the period covered by the policy, *Kennedy* brought this suit in his own name
to recover the amount for which his debtor's life is insured. It appears to me,
that assuming the defendant's liability on the contract, but one inquiry can be
entertained in examing this case, and that is, what is the interest which is pro-
tected by the policy? I deem it immaterial to inquire whether, under the plea
of general denial, it was or was not necessary, that an allegation and proof of
interest should be made.

The answer in the absence of a special allegation of an interest, might have
contained a special averment of the want of it, but the petition does contain
a special averment of the plaintiff's interest as a creditor, and the evidence
introduced by the plaintiff himself conclusively shows the precise amount of
that interest. Now as we have the means of determining in dollars and
cents the full amount of the plaintiff's insurable interest, as fixed by his
own proof, the question is, whether the court shall, notwithstanding the evi-
dence, give him a judgment for the whole amount expressed in the policy.

The evidence in this case is quite as conclusive with reference to the plain-
tiff's insurable interests, as the most formal admission could possibly make it.
We know that it is based upon a debt due to the late firm of *Kennedy &
Foster*, for the sum of $5,642, with interest from the 31st of December, 1848.
The fact is established by the plaintiff himself. It is not disputed. Now, should
we take this undisputed fact as the basis of the judgment in this case, or should
we ignore it altogether, on the ground that the averment of an insurable inter-
est and the evidence offered in support of it, were alike unnecessary and will
therefore be rejected as surplusage?

It appears to me, (it is urged with deference to the opinion of the majority
of the court,) that the adoption of such a doctrine results in a judgment in fa-
vor of the plaintiff for a sum largely exceeding the amount which his own evi-
dence establishes as due to him.

Acting upon the assumption that evidence adduced on the trial, furnishes
ample materials for a judgment upon the merits, it is proper next to inquire
what was the amount of the plaintiff's insurable interest in the policy, for
which, and for which alone, as it appears to me, he is entitled to a judgment.
The plaintiff was a member of the commercial firm of *Kennedy & Foster*,
since dissolved by the death of *Foster*. *Matthews* was a debtor of this firm
as before stated, in the sum of $5,462, with interest from the 31st of Decem-
ber, 1848. It is not shown that there were any other partners besides the
plaintiff and *Foster*, and the presumption of law, in the absence of proof to
the contrary, is, that their interest as partners was equal. The plaintiff's inter-
est, therefore, in the debt due by *Matthews*, which it was the object of the in-

surance to protect, is one half of $5,462, with interest as above stated. The decree of the court, however, awards him the sum of $5,000. What the judgment of the court should be in such a case, depends, it appears to me, upon the solution of the question, whether a partner, who insures in his own name, and sues in his own name, can recover more than his individual and separate interest in the object insured ?

Although on this point there is a conflict of opinions among the French writers on insurance, it appears to me that neither in England nor America is there any division of opinion. The authorities, so far as I have had access to them, are unanimous and unequivocal. Mr. Duer, in his work on insurance, discusses this question elaborately, and concludes with the opinion that, " in the United States, the doctrine may be considered as established, that although each partner has a right to insure the partnership property in the name or on account of the firm, yet where the insurance is expressed to be on his sole account, it must be limited in its application to his individual share. See 2d Duer, sec. 20, lect. 9. In the case of *Graves* v. *The Boston Marine Insurance Company*, the decision of which, the author considers " *conclusive evidence of the existing law on this subject*," Chief Justice Marshall remarks, "that under no rule of proceeding on a special contract, can the interest of a co-partnership be given in evievidence on an averment of individual interest, or an averment of the interest of a company be supported by a special contract, relating in its terms to one individual." In the copious notes annexed to his lecture, Mr. Duer has with great care collated many of the English authorities, and reconciles them with each other and with our jurisprudence on this subject. Mr. Philips, in the last edition of his work on insurance, fully supports the opinion of Mr. Duer. See vol. 1, p. 219, sec. 391, *et sequitur*.

In the reasons given for the judgment rendered in this case, it is intimated that a distinction is made between the liability on contracts for the insurance of property, and contracts of life insurance, and that, " as a general rule, in life insurance there is no distinction as to total and partial losses."

From the necessity of the case, a life policy is always against a total loss, but whether it is for the whole amount specified in the policy, or the whole amount of the interest of the assured, depends entirely upon the character of each particular contract. " Where the interest of the party effecting a life insurance, or in whose favor it is made, is manifestly indefinite, as in case of dependance for support, the interest is valued at the amount insured." See 2d Philips, sec. 1755, p. 441. No proof of the extent of the interest of the insured is necessary in such a case. It will be sufficient to prove a beneficial interest without showing its extent. But I apprehend no such rule of recovery, even in contracts of life insurance, can be extended to cases where the interest is fixed and determinable, as in the case at bar, viz., that of a creditor in the life of his debtor for the security of the debt due to him. The right of the insured to recover in such case will be regulated precisely as in cases of insurance of property against fire or marine risks, viz., by the extent of the interest of the insured. This very question appears to have engaged the attention of the writers on life insurance. Mr. Philips, in the last edition of his work on insurance, 2d vol., sec. 1755, remarks : " Where a policy of insurance is taken out by a creditor on the life of his debtor, or in favor of any party having a definite computable interest in the insured life, the amount of the interest being precisely determinable, a total

KENNEDY        loss by the death of the insured subject is only the amount of such interest,
  *v.*
N. Y. LIFE Is. Co. although it may be less than the amount specified to be insured." And again,
              sec. 1216: "In a policy in favor of a creditor on the life of a debtor, as security
              for a debt in a fixed sum, the amount of the insurable interest may be estimated
              as in any insurance upon property." And in such case it is manifest the amount
              recoverable cannot exceed that interest. See, also, sec. 1247; also, vol. 1, sec.
              208.

              I think the plaintiff is entitled to recover of the defendant a sum equal to
              one-half of the amount due by *Matthews* to the firm of *Kennedy & Foster*, and
              that his recovery should be restricted to that amount.