Theodore vs. New Orleans Mutual Insurance Association.

.No. 5162.

NICHOLAS THEODORE VS. NEW ORLEANS MUTUAL INSURANCE ASSOCIATION.          | 28  917|
                                                                          | 44 1021|

All matters which show the transaction to be void or voidable in point of law, on the ground of fraud or otherwise, should be pleaded specially.

No appellate court should be called to decide upon questions that were not raised in the court below. In the present case it is manifest that there was no effort to make good, while the evidence was being adduced, the charges of fraud and concealment, which are now urged so strenuously in the argument.

The failure on the part of the association to object to the itemized statement of loss that was presented to them, or to answer the letters of plaintiff's attorney, had an appearance of indifference, the tendency of which would be to put them in the light of acquiescing in a claim, which, if they had thought it fraudulent or unfounded, they would naturally be supposed to have repudiated.

APPEAL from the Fifth District Court, parish of Orleans. *Cullom, J.* *Hornor & Benedict*, for plaintiff and appellee. *E. Bermudez*, for defendant and appellant.

LEONARD, J.  On the sixth day of April, 1872, Nicholas Theodore presented to the New Orleans Mutual Insurance Association the following written application :

"Insurance is wanted by U. M. Binachi for account of Nicholas Theodore against fire for the term of one year on tools and implements such as are generally used in the building of steamboat and factory furnaces and the repairing of furnaces and grates, contained in frame composition-roof building situated on Delta street, No. 76, between Lafayette and Poydras, as will more fully appear from inventory of said tools and implements on file in this office, known as No. — to the extent of $1500. Premium two per cent; accepted $30.

"(Signed)                          N. THEODORE, Applicant."

The inventory referred to comprised blocks, tackle, derricks, screws, chains, iron kettles, etc., and included a building estimated at five hundred dollars.  On the same day that the application was made a policy was duly issued by the association in favor of the applicant, Nicholas Theodore, "in consideration of thirty dollars to them paid," insuring the tools and implements mentioned in the inventory "against loss or damage by fire to the amount of fifteen hundred dollars" during the period of one year from the date of the policy.

On the thirtieth day of December, 1872, a fire occurred in the vicinity of Mr. Theodore's place of business, in consequence of which he claims that the property insured was damaged by heat, water, falling walls, and exposure to the extent of fifteen hundred dollars, the amount of the policy; that immediately after the fire he presented a detailed statement of his loss to the association and demanded payment, which was refused. He thereupon brought this suit upon his policy, which is annexed to the petition.

The answer of the association is simply a general denial.

It is urged, however, by defendants, that when Theodore obtained his policy, there was concealment of the material fact that there was lime on the premises, and that thus the entire policy was vitiated ; and, further-more, that lime was introduced upon the premises after the policy was issued, whereby it became forfeited, even if it were valid in the begin-ning.    These defenses were not specially pleaded, nor do they seem to have been hinted at until after the evidence was closed.    In the case of Kennedy vs. New York Life Insurance Company, 10 An. 809, it was held that " our law presumes every contract which does not appear illegal or immoral on its face to be made for a valid cause and upon a sufficient consideration; and it is incumbent upon him who would put the opposite party upon the proof of the sufficiency of the caus, eto do so specially by his pleadings."    " All matters which show the transaction to be void or voidable in point of law, on the ground of fraud or otherwise, shall be pleaded specially."    Pino vs. Merchants' Mutual Insurance Company, 19 An. 214.    "The rule is one calculated to remedy loose practice and  pre-vent surprise."    Flynn vs. Merchants' Insurance Company, 17 An. 185. It is true that, if evidence be offered without . objection in support of a defense which should be specially pleaded the issue thus presented must be considered and passed upon.

But it does not follow that one should be called upon to meet an issue that was not raised on the trial at all.    No one can defend himself unless he is informed in some manner of the charges which his adversary makes against him.    Nor should any appellate court be called to decide ques-tions that were not raised in the court below.    If the judge *a quo* has correctly decided the issues that were presented to him, his judgment should be affirmed.    In the present case, it is manifest that there was no effort to make good, while the evidence was being adduced, the charges of fraud and concealment which are now urged so strenuously in the argument.

The execution of the policy by the defendant and the payment of the premium by the plaintiff was not questioned in the court below, and the only controversy that arose, and, indeed, the only one that could well have arisen under the pleadings, was whether any of the property cov-ered by the policy was injured by fire, and, if so, what was the extent of the damage.    Beyond this inquiry, in the aspect of the case in which it presents itself to us, we should deem it unjust to the plaintiff to go. From the testimony of a fireman who was present, it seems that, on the occasion of the fire, Mr. Theodore's premises were broken into to make room for the operations of the firemen.    Their pipes and hose ran through his yard, and the entire place was deluged with water. A neigh-bor, who was an eye-witness of all that occurred, testifies substantially to the same facts.    He observed that the fire extended as far as Mr. Theo-

dore's premises, and that a number of spars which were lying in his yard were burning.    Next morning, when the workmen arrived at the shop, they found the shed in which some of the tools were kept partially torn down, all the ropes were soaked with water, the straps were burned from the blocks, the carts were broken, and some four or five spars were so badly charred as to be utterly useless.

A short time after the fire, Mr. Theodore, by his attorneys, Hornor & Benedict, delivered to the association, as required by the terms of the policy, a sworn statement of his loss, amounting, as he claimed, to fifteen hundred dollars.    This statement was accompanied by a certificate of a well-known and respectable notary public, stating that he had personally examined the circumstances attending the fire and damage alleged, that he was acquainted with the character of the insured, and that he verily believed that Nicholas Theodore had by misfortune, and without fraud or evil practice, sustained loss and damage on the property insured to the amount of fifteen hundred dollars.    To this statement, as well as to two letters addressed them by Mr. Benedict on the subject of his client's loss, the association paid no sort of attention.    Under these circumstances we shall accept the sworn statement of the claimant and the certificate of the notary as true.    If the association had any objections to offer to the correctness of the statement, they should have made them known at the time it was presented to them, or at least have taken some steps to ascertain for themselves wherein the claim was unjust.    Having done neither, but apparently treating with contempt a matter which demanded their prompt and courteous attention, we do not think they are in a position to rely for their defense upon any trifling inaccuracy or want of memory on the part of plaintiff or his witnesses, when they came to testify on the trial, a year or more after the occurrence.    A careful examination of the testimony convinces us that the plaintiff suffered from the fire considerably more than the amount of his claim.    Two witnesses were introduced by the defendant on the trial, one of them the inspector of the association, who swore that Mr. Theodore had told them that he had sustained no damage by fire, but that some screws and other articles had been stolen from him.    This testimony is contradicted by the plaintiff himself and by two other witnesses, and is at variance with all the circumstances of the case. ·

If the inspector had made a careful examination of the premises, he might have been able to shed some light upon the case.    As it was, he did not observe what seems to have been apparent to every one else. We are inclined, on the whole, to believe the testimony of the witness Barbara, who states that Mr. Theodore invited the inspector to come in and estimate the damage for himself, but that the latter refused to do so, as there were some seven or eight inches of water on the floor.

Our estimate of the damage done by the fire to plaintiff's tools and implements alone exceeds the amount for which judgment was rendered in his favor in the court below; but as he has neither appealed himself nor filed an answer to the appeal of defendant, we are not at liberty to increase the amount of the judgment. It becomes unnecessary in this aspect of the case to decide whether or not the shed in which a portion of the tools were kept was included within the terms of the policy.

It is therefore ordered that the judgment of the district court be affirmed with costs.

Mr. Justice Howell recused.

---

MORGAN, J., *concurring*. I do not consider it necessary to express any opinion as to whether a defendant insurance company can take advantage of a fact, proved by the plaintiff, which would be a defense to the suit, simply because the fact disclosed was not specially put at issue. For instance, if a party seeks to recover from an insurance company for the loss of his house by fire, and the company denied, generally, the allegations, and on the trial the plaintiff proved that he had burned the house himself, or caused it to be done, I am not prepared to say that the company should be condemned to pay simply because it had not alleged the fact in its answer. Leaving this question out, however, I think the case before us is with the plaintiff, and I therefore concur in the decree.

---

## ON APPLICATION FOR REHEARING.

LEONARD, J. If the issues of fraud and concealment growing out of the presence of lime on the premises of the plaintiff had been presented to us in such a manner that we could have felt at liberty to examine them, we should have agreed with the judge *a quo* that the policy would not have been vitiated thereby, because lime was an article necessary to the carrying on of plaintiff's business, and that implied permission was therefore given him to keep it in and about his premises. Hayward vs. N. Y. Insurance Co., 19 Abbott, 116.

The failure on the part of the association to object to the itemized statement of loss that was presented to them or to answer the letters of plaintiff's attorney had an appearance of indifference, the tendency of which would be to put them in the light of acquiescing in a claim which, if they had thought it fraudulent or unfounded, they would naturally be supposed to have repudiated at the time. We do not desire that the language used in our opinion should be construed to convey any harsher import than this.

Theodore vs. New Orleans Mutual Insurance Association.

Upon a re-examination of the case, under the view of the law and the rules of practice laid down in our opinion (and to which we still adhere), we fail to find that the conclusion reached by us was erroneous. The itemized statement of loss made up immediately after the fire, sworn ·to by the plaintiff and certified to be correct by Mr. Andrew Hero, notary public, from his personal knowledge, and which we have said was in no manner objected to by the association at the time, exceeds, without including the item of damage to the building, the amount for which judgment was rendered in the court below.

Rehearing refused.