## No. 11,034.

### St. Patrick's Church vs. The Consumers' Ice Company.

| | |
|---|---|
| 44 | 1021 |
| 113 | 863 |
| 44 | 1021 |
| 124 | 568 |

A bond furnished by one in an official capacity, *by and through* whom a suit is brought by an organization styling itself a corporation, is a bond furnished by the plaintiff and fulfils the requirements of the law.

It can not be considered as one furnished by him in his individual capacity.

Eventually a reference may be had to the motion of appeal and to the petition in the suit, to ascertain the character of the bond, in which both are mentioned.

The surety is liable, eventually, on such a bond.

An action must be brought in the name of the party or parties having a real and actual interest which they pursue; or in the name of some one who is alleged to have authority to institute the suit.

APPEAL from the Civil District Court for the Parish of Orleans. *King, J.*

---

*E. A. O'Sullivan* and *J. J. O'Connor* for Plaintiff and Appellant.

---

*Francis B. Lee* for Defendant and Appellee on Motion to Dismiss.

---

*Harry H. Hall* on same side on the Merits:

1. A suit by the pastor of a religious corporation, dissolved in 1853, to vindicate a right of property formerly owned by that corporation, can not be maintained forty years after said dissolution, in the name of the corporation.
2. Such a suit can only be brought in the name of the individual members then composing said corporation, or in the names of their legal representatives.
3. Corporations can only stand in court while they have a legal existence, and must be represented therein by their legal representatives. After their dissolution the property thereof vests in the individual members, who must vindicate their rights thereto in their own names. C. C. 446 (437), 432 (423); 15 An. 441; 29 An. 369; 11 R. 37; 21 Wall. 609; Morawitz on Corporations, II, Sec. 1031; American and English Encyclopædia of Law, IV, p. 284; C. P. 15; Cross on Pleading, 3; 3 An. 541.

## ON MOTION TO DISMISS.

The opinion of the court was delivered by

BERMUDEZ, C. J.　The appellee, in the shape of a *dilemma*, moves for the dismissal of the appeal.

It would have been preferable to have first stated the ground on which the motion rests, and, next, developed it, than at once to have gone into a metaphysical discussion of what it must be assumed to be.

That ground may be considered as being that the devolutive appeal asked and obtained was not perfected by the giving of a valid bond.

The suit was brought by the " Roman Catholic Congregation of St. Patrick's Church, *by and through their pastor*, duly appointed and acting as such, the Reverend Edward J. Fallon, of the city of New Orleans."

Its object was to prevent the defendant company from using certain artesian wells, perforated on its adjoining lot, so as to overflow the premises of the plaintiff and injure the buildings and improvements upon them.

Exceptions were filed and a rule was taken tending to the dissolution of the preliminary injunction issued and to the dismissal of the suit.

Upon hearing, the exception and the rule were sustained, the injunction was dissolved and the suit dismissed.

From the judgment thus rendered, on motion of counsel for plaintiff, a *devolutive* appeal was allowed upon the giving by plaintiff of a bond in the sum of $100, conditioned *according to law*.

Contending that the bond furnished is not that required by law, the appellee asks the dismissal of the appeal, arguing:

"1. That if the appeal herein sought to be taken by motion on the 14th of March, 1892, is to be considered as one by the plaintiff in this suit, then the said appeal has not been perfected by the filing of a bond as required by law and by the order of court.

" 2. That if the said appeal is to be considered as an appeal by the Rev. E. J. Fallon, then there is nothing in the record to show that the said Fallon has a pecuniary interest in the result of said suit suf- ficient to give the court jurisdiction."

The caption of the bond begins: "Know all men by these presents, that we, Edward J. Fallon, pastor of St. Patrick's Church, as principal." * * *

The second paragraph recites: " Whereas, the above bounden Edward J. Fallon, pastor, as aforesaid, has filed a motion of appeal from a final judgment." * * *

The last sentence stipulates the obligation of the surety to pay, should the principal fail to do so. It is in the usual type.

The bond is for $100, and is so fully identified by other recitals with the suit, the parties and the proceedings, that it can not be sus- pected as having been given in any other case, and there is no charge in that sense.

The dilemma proposed is, *that*, if the appeal can be considered as taken by the plaintiff, it has not been perfected by the filing of the bond *required by law* and by the *order of court;* and *that*, if the ap- peal is considered as taken by Rev. E. J. Fallon, there is nothing in the record to show that he has any pecuniary interest in the result of the suit sufficient to give the court jurisdiction.

It is impossible to realize the process of plausible reasoning by which it could be seriously advanced, either that the bond was *not* furnished by the plaintiff or that it was given by Rev. Fallon, *in- dividually*.

The bond states, as clearly as language can make it, that it is fur- nished by Rev. Edward J. Fallon, *pastor* of St. Patrick's Church, who has filed a motion of appeal from the final judgment in the case, and the petition declares that the suit is brought by the Roman Catholic congregation of St. Patrick's Church of the city of New Orleans, " *by and through their pastor*, duly appointed and acting as such, the Rev. Edward J. Fallon of the city of New Orleans."

There is strictly no necessity to search in the motion and in the petition to ascertain *who* gave the bond as principal. The pre-

sumption is that it is given by the only party having cause to complain of the final judgment mentioned in it, and that is the Roman Catholic congregation of St. Patrick's Church, *represented expressly* by its *named pastor, Rev. Fallon, who signed it in proper hand* as plaintiff in the case, and who is thus completely identified.

The appeal is *devolutive* and taken by the plaintiff cast on the exception.

Appellee's interest in having a bond so framed that the surety therein shall be bound under its stipulations eventually in place of the delinquent principal is nominal. Appellee could not be held under it to any responsibility, and in no contingency ever will have occasion to enforce its conditions against either principal or surety; which enure practically to the benefit of clerks only, who are almost invariably covered by *safer* precautionary measures.

The rule relied on in 35 An. 348 establishes that where a surety can be held under a bond the obligation is valid. Such is the case here. The surety could not escape responsibility.

Of course neither the exception nor the rule can be now considered, as they can be passed upon only when the judgment in the case will be up for review on the merits.

Motion denied.

### ON THE MERITS.

WATKINS, J. The plaintiff is appellant from a judgment sustaining the defendant's exceptions of want of plaintiff's capacity to institute this suit and stand in judgment, and of no cause of action, and dismissing its suit.

This suit is one in damages against the ice company, and the suggestion of the want of capacity in the plaintiff is grounded upon the following averment, viz.:

"The petition of the Roman Catholic congregation of St. Patrick's Church of the city of New Orleans, by and through their pastor, duly appointed and acting as such, the Reverend Edward J. Fallon, of the city of New Orleans, respectfully represents:

"That in the year 1833, the Roman Catholics of New Orleans formed themselves into a religious corporation, and with the means under their control did, in the year 1837, build, on the upper side of Camp street, in the city of New Orleans, a church known as St. Patrick's Church * * * *; that the charter which was granted

the said corporation by legislative act of 1833, for twenty years, expired by limitation in the year 1853, and the property thereto belonging was, thereupon, immediately vested, by said dissolution, in the members of said church, in whose custody and under whose power the said property is vested."

Upon this statement of the *capacity* of the Reverend Edward J. Fallon to represent the Roman Catholic congregation of St. Patrick's Church, claim is made of the defendant for $30,000 damages alleged to have been wilfully and maliciously inflicted upon the property of said congregation.

Does this averment of the petition disclose the capacity of the pastor of the church to sue for, and recover of the defendant, a judgment in the premises? We think not. For, when simplified, the allegation averring the pastor's authority is, that he, being "duly appointed and acting as such (pastor), the Reverend Edward J. Fallon * * respectfully represents," etc. Instead of averring any *specific* authority to have been conferred upon the pastor by the congregation, it is alleged that, by virtue of his having been duly appointed and acting as such, he represents, etc.

Whether the pastor was, or not, authorized to institute this suit, or whether the congregation had customarily recognized his right so to act, are not questions presented in this case, the defendant's exception being directed to the *absence* of such essential averment of capacity in the pastor to institute suit.

It is evident that " an action can only be brought by one having a real and actual interest which he pursues" (C. P. 15); and it is not alleged that the Reverend Fallon has any *personal* interest in this suit to subserve. And, forasmuch as the church edifice, which was erected by the corporation, has, since its dissolution and extinction as a corporate body, become vested in the *members* of said church, it would seem axiomatic that the members of the church should have, themselves, brought this suit, or authorized their pastor so to do. A party sued is entitled to be fully and distinctly advised of the names and capacities of the parties who are suing him; and for manifest reasons.

It is clear to our minds that the district judge correctly entertained this exception of want of averment of capacity in the pastor to institute this suit.

But in respect to the further exception of no cause of action, we are of the opinion that it is not well taken, because the averments of the petition do not disclose this to be a suit by or in behalf of the defunct religious corporation.

The two exceptions appear to have been urged in the alternative, and we have so considered them. On this theory the suit was properly dismissed, but the right of proper parties to institute suit is reserved.

Judgment affirmed.