## McWILLIAMS v. LIBERTY INDUSTRIAL LIFE INS. CO.

### No. 14151.

Court of Appeal of Louisiana. Orleans.
June 27, 1932.

Gordon Boswell, of New Orleans, for appellant.

Normann, McMahon & Breckwoldt, of New Orleans, for appellee.

WESTERFIELD, J.

This is a suit for $104 on an industrial life insurance policy brought by the beneficiary named therein. The defendant admitted the issuance of the policy, but denied liability upon the ground that it had been permitted to lapse for nonpayment of premiums.

There was judgment below in plaintiff's favor as prayed for, and defendant has appealed.

The policy was issued on the 3d day of May, 1926, in the name of Mitchell Frederick. Frederick died December 2, 1930.

It is admitted that the policy had lapsed on September 8, 1930, and that on November 17, 1930, application, in proper form, was made for its reinstatement, the past-due premiums being tendered and accepted; but it was not until after the death of the insured that plaintiff was notified that the policy would not be reinstated. In the meantime, on December 1, 1930, an agent of the defendant called and collected premiums for an additional three weeks.

The contention of plaintiff is that the conduct of defendant in delaying unnecessarily its decision was tantamount to a waiver of that provision of the policy which requires formal notice of acceptance of reinstatement. On the other hand, defendant contends that the delay was not unusual and that at the time the application was made the deceased was not in good health, since it was made a few days prior to his demise. It is also contended in argument and in brief in this court that the plaintiff was without insurable interest for the reason that she was the concubine of the insured, Mitchell Frederick. As to this latter defense we observe that it is not pleaded in the answer and, proper objection having been timely made to the introduction of proof in support of it, it cannot be considered for the reason that it is a special defense and must be specially pleaded. Theodore v. New Orleans Mutual Ins. Ass'n, 28 La. Ann. 918; Benjamin v. Conn. Ind. Association, 44 La. Ann. 1021, 11 So. 628, 32 Am. St. Rep. 362; Lafourche Transp. Co. v. Pugh, 52 La. Ann. 1522, 27 So. 958.

There remains, therefore, only the question of reinstatement vel non. The policy provides that in order that lapsed insurance may be reinstated it is necessary that an indorsement appear on the policy "signed by the President, one of the Vice-Presidents or the Secretary of the Company," and, as provided in paragraph 4 of the policy:

"If this Policy lapse for non-payment of premium, it will be reinstated within one year from the date to which premiums have been duly paid, upon payment of all arrears, provided evidence of the insurability of the Insured satisfactory to the Company be furnished; but such reinstatement shall not take effect unless at the date thereof the Insured is living and in sound health."

It is said that on November 17, when the application for reinstatement was made, the deceased could not have been in good health since it was only fifteen days before his death. According to the testimony of the beneficiary, the insured was in good health November 17, the day application was made for reinstatement. He was taken ill on the 23d of November, and on December 2, 1930, he died; the cause of death being pneumonia. There is no other testimony on the subject in the record, and, since we believe it is to be quite possible that one may be well on the 17th of November and die fifteen days thereafter from so devastating a malady as pneumonia, we have concluded that the deceased was in good health when the application was made.

The policy required the indorsement by the officials of the company and this was not done, but we believe a delay of fifteen days to be unreasonable. The main office of the company being in the city of New Orleans, there was no necessity to wait fifteen days before acting upon the application. The acceptance of the second payment of premiums on December 1, 1930, was at least an indication that the company intended to reinstate the policy.

In Johnson v. Southern Life & Health Ins. Co., 18 La. App. 574, 139 So. 46, it was held that where the policy does not specify the period of time in which the insurer will accept or reject the application, the law implies that such action should be taken within a reasonable time. In that case we held that a delay of eighteen or twenty days to send the application to the main office of the company, Birmingham, Ala., and receive their reply, was unreasonable.

See, also, Bush v. Liberty Ind. Life Ins. Co., 15 La. App. 269, 130 So. 839. To the same effect are authorities of our sister states. Rome Industrial Ins. Co. v. Eidson, 142 Ga. 253, 82 S. E. 641; Leonard v. Prudential Life Ins. Co., 128 Wis. 348, 107 N. W. 646, 116 Am. St. Rep. 50.

Our conclusion is that the action of defendant in delaying for fifteen days the notification of its acceptance or rejection of the application was unreasonable and such as to create the presumption that the reinstatement had been favorably acted upon and that the provisions of the policy with respect to the indorsement of the company's officers had been waived.

The judgment appealed from is affirmed.

Affirmed.