SAVOY, Judge.
This suit involves the construction of the provisions in two policies of insurance issued by defendant on the life of Shirley Prestridge who died while the policies were in force. The beneficiary of the said Shirley Prestridge, deceased, filed suit to recover the face value of the policies in question. One of the policies is an industrial life insurance policy; the other .is an industrial accident insurance policy. The application for insurance in each case was not attached to the respective policies. Defendant set up as a defense that the insured made false statements as to the state of her health in her application for each policy, and that the *156 false statements materially affected the acceptance of the risk or the hazard assumed by the insurer.
During the trial of the case, counsel for plaintiff objected to any parol evidence to vary the terms of the policies for the reason that the applications were not attached to said policies. The trial judge first ruled that the testimony was admissible, and then, on reconsidering the matter, maintained the objection as to the parol evidence and rendered judgment for plaintiff as prayed for.
From this judgment defendant has appealed. Plaintiff has answered the appeal asking for damages, stating that the appeal was frivolous.
The industrial accident insurance policy contained the following provision:
“This policy, including the endorsements and the attached papers, if any, constitutes the entire contract of insurance.”
The application for insurance is not attached to said policy.
The industrial life insurance policy contains this provision:
(11) ENTIRE CONTRACT. — This Policy constitutes the entire Contract between all parties thereto. The statements made in applying for this Policy shall, in the absence of fraud, be deemed representations and not warranties.”
Counsel for defendant contends that the trial judge was in error in not allowing the parol evidence in the instant case for the reason that it is permitted under the provisions of LSA-R.S. 22:618, subd. A, which provides:
“No application for the issuance of any insurance policy or contract shall be admissible in evidence in any action relative to such policy or contract, unless a correct copy of the application was attached to or otherwise made a part of the policy, or contract, when issued and delivered. This provision shall not apply to policies or contracts of industrial insurance subject to R.S. 22:213A(1) and 22:259(2).”
Counsel contends that under the provisions of LSA-R.S. 22:618, subd. A, the parol evidence should have been admitted' for the reason that the above section provides that the provisions applicable to the-other types of insurance policies or contracts do not apply to policies or contracts-of industrial insurance. This would be-true were it not for the language in LSA-R.S. 22:618, subd. A which provides that the provisions in said section shall not apply to policies or contracts of industrial insurance, “subject to R.S. 22:213A(1) and: R.S. 22:259(2).”
LSA-R.S. 22:213, subd. A, relating to-health and accident policies, provides each-such policy must contain as a required' provision:
“(1) Entire contract: Changes: This policy, including the endorsements and the attached papers, if any, and in case of industrial insurance, the written application, constitutes the entire contract of insurance. No agent has authority to change this policy or to waive any of its provisions. No change in this policy shall be valid until approved by an executive officer of the insurer and unless such approval be endorsed hereon or attached hereto.”
LSA-R.S. 22:259, relating to industrial life insurance policies, provides in part*.
“All industrial life insurance policies, delivered or issued for delivery in this state, shall contain, in substance, the following provisions, or provisions submitted by the insurer which in the opinion of the commissioner of insurance are more favorable to policyholders:
* * * * * *
“(2) A provision that the policy shall constitute the entire contract between the parties, or at the option of the *157 insurer, a provision that the policy and the application therefor shall constitute the entire contract between the parties, and in the latter case the policy must contain a provision that all statements made by the insured shall, in the absence of fraud, be deemed to be representations and not warranties.”
Neither of the two policies involved in this suit contained a provision to the effect that the application was to constitute a part of the contract between the parties. On the contrary, both policies provided that the policy itself constituted the entire contract between the parties.
The same subject matter involved in the instant case has been considered by the Supreme Court of this State in the case of Kelmell v. Atlas Life Insurance Company, 238 La. 72, 113 So.2d 609 (Reversing Court of Appeal, Orl., 107 So.2d 818).
In the Kelmell case, supra, a case similar to the one at bar, after quoting LSA-R.S. 22:259(2), the Supreme Court said:
“Had this insurer exercised the option granted in the foregoing statute — by inserting in each policy a provision that it and the application therefor shall constitute the entire contract between the parties — unquestionably' the disputed applications would have been admissible in evidence. But such was not done. Rather, as aforeshown, each policy recited that it constituted the entire contract. Therefore, the applications that formed the basis for the pleaded defense of fraud were inadmissible and were properly excluded by the trial judge.”
Defendant in the instant case, under the provisions of LSA-R.S. 22:213, subd. A and LSA-R.S. 259(2), could have protected itself by inserting in each policy a provision that it and the application would constitute the entire contract between the parties. Having failed to do this in each policy, the ruling of the trial judge excluding any parol evidence in the instant case was correct.
The contract of insurance m each case was written by the insurance company, and it was its duty to comply with the applicable statutes set forth in this opinion in preparing the respective policies in question.
We are of the opinion that the appeal taken by defendant was not frivolous, and appellee’s claim for damages on the basis that the appeal was frivolous is hereby rejected.
For the reasons assigned, the judgment of the district court is affirmed. Appellant to pay all costs of this appeal.
Affirmed.