HALL, Judge.
Plaintiff, Ike Oliver, Sr., beneficiary of a burial insurance policy issued to Eliza Miller by defendant, Reliable Life Insurance Com *1170 pany, brought suit to recover benefits provided in the policy. Defendant denied liability on the basis of (1) LSA-R.S. 22:613 which prohibits the procurement of insurance on the life of another unless the benefits are payable to the insured or his representatives or to one with an insurable interest in the insured at the time the contract was made;[1] and (2) material misrepresentations concerning the health of the insured. After trial the district court rendered judgment in favor of plaintiff for $750. Defendant appealed. We affirm.
Eliza Miller was an illiterate, unemployed black man in his sixties, probably an alcoholic. Ike Oliver looked after him, as he did a number of other persons similarly situated, furnishing Miller with room and board, cash advances, and other expenses. Miller was indebted to Oliver for a substantial amount of money, which was to be repaid out of social security benefits which Oliver was attempting to get for Miller.
Miller asked Oliver to get him a burial policy and to see to his funeral, which Oliver promised to do. Oliver arranged a meeting with an agent of the defendant company. Miller answered questions on the application read to him by the agent and requested that Oliver be named beneficiary. At Miller’s request, Oliver signed Miller’s name to the application. The initial and subsequent premiums were paid by Oliver. About four months after the policy was issued, Miller died. Oliver paid the funeral home $1,060 for funeral services.
The policy provided that defendant would furnish a $1,000 funeral service for the insured. A clause entitled “Optional Cash Settlement” provided that should the beneficiary not use the services provided by the policy the company would pay 75 percent of the face value of the policy to the beneficiary.
On appeal defendant does not urge its defense based on misrepresentations, but relies solely on its defense based on LSA-R.S. 22:613.
The prohibition of LSA-R.S. 22:613 is not applicable under the facts of this case for two reasons.
First, the policy was applied for and acquired by the insured, Miller, and not by the beneficiary, Oliver. Oliver’s testimony in this regard is supported by the testimony of the insurance agent who took the application. It was understood by Miller, Oliver and the insurance agent that Oliver signed the application for Miller because he could not read or write. Although Oliver paid the premiums, Miller was indebted to him for their repayment out of social security benefits he hoped to receive. The policy was not procured by one person upon the life of another as contemplated by the statute.
Second, Oliver had an insurable interest in the individual insured. Miller was indebted to him with no means to repay the debts except through social security benefits he might receive. The continuance of Miller’s life was essential for him to receive such benefits and pay the debts he owed to Oliver. Additionally, Oliver had agreed to see that Miller had a proper funeral, which Oliver did in fact arrange and pay for at an expense to him in excess of the amount of the insurance policy. Oliver had a reasonable expectation of pecuniary advantage from the continuance of the life of the insured, or of loss at his death. See Kelmell *1171 v. Aetna Life Insurance Company, 238 La. 72, 113 So.2d 609 (1959). See also Goodwin v. Federal Mut. Ins. Co., 180 So. 662 (La.App. 2d Cir. 1938) in which recovery was denied for lack of an insurable interest, but in which the legal principles supporting recovery under the facts of the instant case are well stated.
The judgment of the district court is affirmed at appellant’s costs.
Affirmed.

. LSA-R.S. 22:613:
“A. Any individual of competent legal capacity may procure or effect an insurance contract upon his own life or body for the benefit of any person. But no person shall procure or cause to be procured any insurance contract upon the life or body of another individual unless the benefits under such contract are payable to the individual insured or his personal representatives, or to a person having, at the time when such contract was made, an insurable interest in the individual insured ....
“C. ‘Insurable interest’ as used in this Section and in R.S. 22:616 includes only interest as follows: .
“(2) In the case of other persons, a lawful and substantial economic interest in having the life, health or bodily safety of the individual insured continue, as distinguished from an interest which would arise only by, or would be enhanced in value by, the death, disablement or injury of the individual insured. . . . ”