# Barlow, *et al. v.* Hamilton.

## *Assault and Battery.*

(Decided July 2, 1907.  44 South 657.)

1. *Assault and Battery; Issue; Evidence.*—In an action for an assault and batery, where the only plea is the general issue, evidence of justification of the assault and battery is not admissible.

2. *Evidence; Opinion; Examination.*—A witness having testified that he supposed plaintiff's feelings were hurt, that it would have hurt witness' feelings, a question, "Plaintiff did not look like he was hurt, did he," was in proper form and called for proper evidence.

3. *Same; Concrete Fact.*—As to whether or not witness saw any violence comitted on the person of plaintiff by defendant called for a concrete fact, and not the opinion of the witness.

4. *Witnesses; Leading Question.*—The extent to which a party may propound leading questions to his own witness is within the discretion of the trial court, and not reviewable unless abused.

5. *Assault and Battery; Instructions.*—A charge asserting that if the jury believe that defendant called plaintiff to the door for a purpose not unlawful, and did him no violence, and that plaintiff went with defendant without force or compulsion, the jury must find the issues for defendant, submitted a question of law to the jury as to what would constitute a lawful or unlawful purpose, and was properly refused.

6. *Trial; Instructions; Damages; Invading Province of Jury.*— The charge asserting that if the jury found the issues in favor of plaintiff plaintiff was not entitled to exemplary or punitive damages, was properly refused under the facts in this case, as invasive of the province of the jury.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by J. N. Hamilton against John H. Barlow and others for assault. From a judgment in favor of plaintiff against defendants Barlow and Hasleum, they appeal. Reversed and remanded.

The first count is in Code form for assault and battery. The second count is as follows: "The plaintiff claims of the defendant $5,000 damages, for that the said

[Barlow, et al. v. Hamilton.]

defendants on, to-wit, the 1st day of March, 1905, assaulted said plaintiff at Piedmont, Ala., and then and there seized and laid hold of the plaintiff, and with great force and violence pulled and dragged about the said plaintiff, and also then and there forced and compelled plaintiff to go from out of a hotel in the town of Piedᵗ mont into the public streets there, and then and there forced and compelled plaintiff to go along divers public streets to a certain cotton mill situated and being in the county of Calhoun, without any reasonable or probable cause whatever, and against the will of the plaintiff, whereby said plaintiff was then and there not only greatly hurt, but was also thereby then and there greatly exposed and injured in his credit and circumstances, to the damage of the plaintiff as aforesaid." The plea was not guilty.

The facts and exceptions to evidence are sufficiently stated in the opinion of the court. The defendants requested the following charges, which were refused by the court: "(3) If the jury believe from the evidence that the defendants called Hamilton to the door for a purpose not unlawful, and did him no violence, and that Hamilton went with them without force or compulsion, then the jury must find the issues in favor of the defendants. (4) The court charges the jury that, if they should find the issues in favor of the plaintiff, the plaintiff is not entitled to exemplary or punitive damages."

The motion for new trial was based upon the errors in the objection to testimony noted in the opinion, and the refused charges. There was judgment for plaintiff against two of the defendants, and they appeal.

KNOX, ACKER & BLACKMON, for appellant.—It was competent to prove by the witness that plaintiff did not look like he was hurt.—*Stone, et al. v. Watson,* 37 Ala.

279; *Colbert v. City of Troy,* 53 Hun. 228; *Heely v. Visalia, etc. Ry. Co.,* 101 Cal. 135; *B. & A. R. R. Co. v. Rambo,* 59 Fed. 35. Whether or not any violence was committed on the person of the plaintiff called for the statement of a concrete fact and not the opinion of the witness.—*Street v. St. Clair,* 71 Ala. 110; *Ins. Co. v. Peacock,* 67 Ala. 263; *Woodstock Iron Works v. Roberts,* 87 Ala. 441. If one party elects to introduce irrelevant or immaterial testimony the other party has the right to rebut it.—*Winslow v. The State,* 92 Ala. 72; *Flinn v. Barbour,* 59 Ala. 446; *Havis v. Taylor,* 13 Ala. 32. Counsel discuss other assignments of error but cite no authority.

BLACKWELL & AGEE, and W. L. BROCK, for apellee.— The court did not err in the admission of testimony.— *Huntsville, etc., Ry. Co. v. Corpening,* 97 Ala. 681. All acts and declarations of conspirators are admissible when done or made during the pendency of the criminal enterprise and in furtherance of its object.—1 Greenl. on Evidence, § 111. The court properly refused the charges asked by defendant.—3 Cyc. 1106-1108; 2 A. & E. Ency. of Law, 993-5.

DENSON, J.—This is an action sounding in damages for an assault and battery alleged to have been committed on the plaintiff by the defendants, John H. Barlow, John Hasleum, John Sewell, and Bud Baxter. A verdict was rendered, finding the defendants Sewell and Baxter not guilty, and the defendants Barlow and Hasleum guilty, and assessing damages in the sum of $750. The judgment appealed from follows the verdict.

The only plea was the general issue—not guilty. Under the issue thus made, evidence tending to show the commission of the assault, or that it was not committed,

the injury, if any, and the extent of it, and the circumstances attending the assault, was competent and relevant. But evidence of justification was not.—*Lunsford v. Walker*, 93 Ala. 36, 8 South. 386; *Mitchell v. Gambill*, 140 Ala. 316, 37 South. 290.

Plaintiff's witness, McCarty, testified that he saw the defendants Barlow and Hasleum take plaintiff by his arms and walk with him out of the house where plaintiff was, and up the street, and the defendants Sewell and Baxter walking along behind them. On cross-examination the defendants' counsel asked the witness: "Did the defendants hurt Mr. Hamilton?" The witness replied: "I suppose plaintiff's feelings were hurt. It would have hurt my feelings." Defendants' counsel then asked the witness this question, "Mr. Hamilton didn't look like he was hurt, did he?" The court sustained an objection to this question. In this ruling the court committed reversible error. Whether or not there was physical injury done the plaintiff, and, if there was, the extent of it, is one of the elements of damages under the second count; and, there being evidence tending to show that two of the defendants laid hands on the plaintiff, it was entirely competent for the defendants to offer evidence the tendency of which would be to repel the inference of injury. Patently, this was the purpose of the question to which objection was sustained. The form of the question is not objectionable. Pain and suffering are natural manifestations attending physical injury, and may be detected in the look or facial expression of a person; and a witness, though he is not an expert, may testify to a person's appearance or expression.—*Stone & Best v. Watson*, 37 Ala. 279, 288; *S. & N. Ala. R. R. Co. v. McLendon*, 63 Ala. 267, 276; *Carney's Case*, 79 Ala. 14, 17; *Jenkins' Case*, 82 Ala. 25, 2 South. 150; *Houston's Case*, 78 Ala. 576, 56 Am. Rep. 59; *Birming-*

*ham Railway & Electric Co. v. Franscomb,* 124 Ala. 621, 27 South. 508; *Mayberry's Case,* 107 Ala. 64, 18 South. 219.

The question asked witness Burton on cross-examination, "Did you see any violence committed on the person of the plaintiff by the defendants?" was a proper one, and the objection thereto should have been overruled. The question called for a concrete fact, and not an opinion.—*So. Car Co. v. Bartlett,* 137 Ala. 234, 34 South. 20; *Birmingham Ry. & Elec. Co. v. Jackson,* 136 Ala. 279, 34 South. 994. It makes no difference that the witness did not testify to any acts of violence in the examination in chief. The evidence sought to be elicited pertained to a fact embraced in the averments of the complaint. The authority cited by the appellee to sustain the proposition that it is within the discretion of the court to allow or not allow a witness, on cross-examination, to be interrogated about matters to which no reference was made in the examination in chief, does not support the proposition. The extent of the holding is that the matter of permitting one to propound leading questions to his own witness is confided to the discretion of the court.—*Huntsville Belt Line & Montesano Ry. Co. v. Corpening & Co.,* 97 Ala. 681, 687, 12 South. 295.

All other assignments of error relating to the rulings of the court on the admissibility of evidence that are insisted on have been carefully considered, and we find no merit in any of them.

Refused charges 1 and 2 are assigned for error, but the assignments are not insisted on.

Charge 3 was properly refused. What would be a lawful or unlawful purpose is a matter of technical legal learning, and should be defined by the court, and not left to the decision of the jury.—*Jones' Case,* 79 Ala. 23.

[DeArman v. Massey.]

Charge 4 invades the province of the jury, and was properly refused.

It is not necessary to pass on the action of the court. in overruling the motion for a new trial. For the errors pointed out, the judgment of the trial court is reversed, and the cause remanded.

Reversed and remanded.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.