(75 South. 959)
JEFFRIES v. PITTS. (6 Div. 539.)

(Supreme Court of Alabama. May 17, 1917.)

1. EVIDENCE ⬦130—ACT OR CONDUCT OF ONE NOT A PARTY.

In an action on a promissory note which defendant asserted was given for commissions to plaintiff for liquors illegally sold by defendant, defendant setting up that he was a minor and that plaintiff had been instructed by his father not to sell him liquor, the court properly declined to let plaintiff, to discredit defendant's testimony, prove the custom of a railroad as to not employing minors; defendant having applied for employment.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 403.]

2. TRIAL ⬦199—INSTRUCTION—SUBMISSION OF QUESTION OF LAW.

The charge that if the jury believed the note sued on was given in settlement for commissions due plaintiff for alcoholic liquors illegally sold by defendant, and furnished to defendant for illegal disposition by plaintiff, they must find for defendant, was improperly given, as it submitted a question of law.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 467–470.]

Appeal from Circuit Court, Walker County; J. J. Curtis, Judge.

---

Action of assumpsit by B. F. Jeffries against R. R. Pitts. Judgment for defendant, and plaintiff appeals. Transferred from the Court of Appeals under Acts 1911, p. 450, § 6. Reversed and remanded.

The action was upon a promissory note, which defendant asserted was given for commissions due complainant to defendant as an agent for plaintiff in selling spirituous, vinous, or malt liquors furnished defendant by plaintiff, which is against the law. Other pleas set up that the consideration for the note was for spirituous, vinous, and malt liquors sold contrary to law. Defendant set up that he was a minor, and that plaintiff had been instructed by defendant's father not to sell him liquor, as he was a minor. To discredit this testimony plaintiff offered the application of defendant to the Southern Railroad for employment, which showed him to be 21 at the time the application was made, which was prior to the alleged sale of the liquor, and also offered to show that the Southern Railway Company did not employ minors, and that they had employed Pitts. Charge 2 given for defendant is as follows:

I charge you, gentlemen, that if you believe the note sued on was given in settlement for commissions due plaintiff for spirituous, vinous, or malt liquors illegally sold by defendant, and furnished to defendant for the purpose of illegal disposition by plaintiff, then you must find for defendant.

A. F. Fite, of Jasper, and McNeil & Monroe, of Fayette, for appellant. Gray & Wiggins, of Jasper, for appellee.

ANDERSON, C. J. [1] The trial court did not err in declining to let the plaintiff prove the custom of the Southern Railroad as to not employing minors, as that related to the act or conduct of one not a party to the cause or the transaction involved. Moreover, the plaintiff got the full benefit of the statement of the defendant as to his age when going into the employment of the Southern Railroad.

[2] Charge 2 (which will be found at the top of page 20 of the record, and which will be set out by the reporter) given for the defendant submitted a question of law to the jury and was improperly given. Anniston Land Co. v. Edmondson, 145 Ala. 557, 40 South. 505; Barlow v. Hamilton, 151 Ala. 634, 44 South. 657. Nor do we think that the charge was so explained or neutralized either by given charges or the oral charge of the court as to prevent the giving of same from being reversible error under the act of 1915, p. 815.

The only other assignment of error urged in brief of appellant's counsel is No. 7, which sets out a charge purporting to have been requested by and refused the appellant, the plaintiff, and referring to page 20 of the record. We do not find that such a charge was requested by or refused the plaintiff, as the record recites that this charge was requested by and refused the defendant.

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

MAYFIELD, SOMERVILLE, and THOMAS, JJ., concur.