(138 So. 265)

## MUTUAL LIFE INS. CO. OF NEW YORK v. MANKIN.

### 7 Div. 59.

Supreme Court of Alabama.

Nov. 5, 1931.

Rehearing·Denied Dec. 17, 1931.

O. R. Hood, of Gadsden, and Bradley, Baldwin, All & White, of Birmingham, for appellant.

Culli, Hunt & Culli, of Gadsden, for appellee.

**BROWN, J.**

This is an action of assumpsit by the beneficiary named in a 'policy of life insurance issued by the defendant on June 7, 1929, insuring the life of Harry L. Mankin, who died on the 19th of December, 1929.

The defendant interposed two special defenses, presented in varying forms in six special pleas: First, that the insured, in his application for the insurance which was made a part of the policy, represented that he had had no illnesses, diseases, injuries, or surgical operations since childhood, which representation was untrue, in that "said insured, prior to the date of said application" and since childhood, was "affected with, and, within said time, had a disease, namely syphilis, which fact was known by·insured when said statements in said application were made."

As to this defense some of the pleas alleged that said false statements increased defendant's risk of loss under said policy; others alleged that said representations were made with actual intent to deceive, and did deceive, the defendant in that in issuing the policy it relied thereon; others alleged, in the alternative, that said false representations were made with actual intent to deceive the defendant, and did deceive the defendant, into issuing said policy, or said statements or answers increased the defendant's risk of loss under said policy.

In the ninth plea as last amended, it was alleged that in the medical examination, embodied in the application and made a part of the policy, insured was asked: "16. What illnesses, diseases, injuries and surgical operations have you had since childhood?" To which question the said insured made the following answer: "None."

The defendant avers that said answer was untrue, in this: "The insured, prior to the date of said application and since his childhood, and continuing from towit, 1920, until his death, was affected with and had a disease, namely syphilis, and that said answer in said application was made by insured with actual intent to deceive, and did deceive de-

fendant and/or increased the defendant's risk of loss."

The other defense, asserted by the defendant's special plea 8, is predicated on a stipulation in the application for the policy, "that the proposed policy shall not take effect unless and until the first premium shall have been paid during my continuance in good health, and unless also the policy shall have been delivered to and received by me during my continuance in good health"—this plea averring that said policy was delivered to and received by the insured "on to wit, the 7th day of June, 1929, and that between the date of the application and the date of the delivery of said policy and the receipt of the same by the insured, the insured did not continue in good health in this: that between said dates the insured was ill and was affected with syphilis, which fact *was unknown to the defendant*. And defendant avers that said fact increased its risk under the policy." (Italics supplied.)

While there is no positive evidence that the insured had syphilis at the time the application was made, or at the delivery of the policy to him, the defendant offered evidence that he consulted one or more physicians in about the year 1920, who by the aid of the Wasserman test diagnosed his trouble as syphilis, and that he was then treated for that trouble, though not discharged as cured, and also going to show that he died of paresis, a disease of the brain resulting only from syphilis.

While the medical witnesses for defendant agreed that it was not possible to determine positively whether or not a patient was suffering from this disease, except by the "Wasserman test"—an examination and analysis of the blood—and one of such witnesses, Dr. Ralls, testified that he did not make such test, but had it made at the state laboratory at Birmingham, and it was not shown who made it or the authenticity of the report upon which he formed his opinion, yet the testimony of Dr. Silvey was to the effect; "I made a test at the time to determine that. I made a blood test. * * * That is to say, I had his blood analyzed to determine what his condition was. That is what is known as the Wasserman test. In that test it was shown that his blood was positive. * * * When I say 'positive' I mean by that, that he had this disease."

On this record, we are not able to affirm that the testimony of Dr. Silvey was not given from his personal knowledge and observation of the test, and appellee's contention that there was no evidence tending to show that the insured was suffering from the disease cannot be sustained. This evidence, together with that offered by the plaintiff under this issue, presented a question for jury decision, and the affirmative charge was well refused. Louisiana State Life Ins. Co. v. Phillips, ante, p. 5, 135 So. 841.

In rebuttal of the testimony offered by the defendant, the plaintiff, testifying as a witness in her behalf, over an appropriate and timely objection by defendant, was allowed to give a negative answer to the following question: "I will ask you if at that time (April 16th, 1929, the date of the application) your husband was suffering from this disease called syphilis?"

While it may be conceded, though this is not decided, that a wife who has lived with her husband for twenty-seven years continuously in conjugal relations may be qualified to testify that on a specific date her husband was not affected with an acute venereal disease, we are not prepared to hold that she is competent to state as a fact or express an opinion that the husband did not have syphilis. The authorities establish a contrary rule. American Nat. Ins. Co. v. Rains, 215 Ala. 378, 110 So. 606; McLean v. State, 16 Ala. 672; Dominick v. Randolph, 124 Ala. 557, 27 So. 481; Critzer v. Donovan, 289 Pa. 381, 137 A. 665; Thaggard v. Vafes, 218 Ala. 609, 119 So. 647; Vaughn v. Vaughn, 217 Ala. 364, 116 So. 427; National Life & Accident Ins. Co. v. Stewart, 219 Ala. 491, 122 So. 621.

Nor can we affirm that this ruling was error without injury. The answer involved one of the issues to be determined by the jury, and it cannot be determined what weight the jury gave this testimony. Brandon v. Progress Distilling Co., 167 Ala. 365, 52 So. 640; Travis v. L. & N. R. Co., 183 Ala. 415, 62 So. 851.

As heretofore pointed out, defendant's plea 9 alleged, not only in the alternative, but in the conjunctive, that the representation was made with intent to deceive and increased the risk of loss, and without approving this form of pleading, the court will not be put in error for dealing with one phase of the plea in the oral charge, and not noticing the other. The assignments of error predicated on exceptions to the oral charge are without merit.

For the error noted, the judgment must be reversed.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.