141 So. 668

NATIONAL LIFE & ACCIDENT INS. CO. v. EDWARDS.

8 Div. 384.

Supreme Court of Alabama.

March 24, 1932.

Rehearing Denied May 26, 1932.

Lynne & Lynne, of Decatur, for appellant.

W. H. Long, of Decatur, for appellee.

KNIGHT, J.

Suit upon a policy of insurance issued by appellant on the life of Ben Sykes. The policy is dated January 6, 1930. From a judgment for plaintiff, the present appeal is prosecuted.

The first two errors assigned present for review here the propriety of the court's action in sustaining plaintiff's demurrer to pleas 2 and 3.

It is averred in these two pleas that the insured in his application for the insurance falsely represented to the defendant that he was in good health, whereas, the pleas aver he was not in good health, but was afflicted with tuberculosis, and with which disease he subsequently died. The pleas further aver that the defendant had paid the plaintiff the full amount of premiums paid to it by the insured on said policy. Plea 2 concluded with the following averment, "and said false representation so made (we presume the pleader intended to say the matter misrepresented) by the insured as aforesaid increased the risk of loss under said policy." The third plea concluded, "said false representations so made by the insured as aforesaid were made with the actual intent to deceive, and did deceive the defendant."

■■ It is not averred that the representation as to the health of the insured was "incorporated in the body of the policy," or in some other paper adopted by reference therein as a part of the policy. The representation set up to defeat recovery was, therefore, not a warranty, and the sufficiency of the pleas is governed by the principles applicable to cases of deceit, and must allege, not only the "falsity and materiality of the matter," but also that it was relied upon as true by the defendant. Pleas 2 and 3, in failing to allege that the misrepresentation as to the health of the insured was relied upon as true by the defendant, were subject to plaintiff's demurrer. In sustaining the demurrer the court committed no error. Empire Life Ins. Co. v. Gee, 171 Ala. 435, 55 So. 166; Sov.

Camp, W. O. W., v. Hutchinson, 214 Ala. 540, 108 So. 520.

Appellant's assignments of error 3, 4, 5, 6, and 7 present for review the action of the court in overruling defendant's demurrer to plaintiff's replication 8. Those rulings of the court are of no moment on this appeal, as the court, upon written request of defendant, charged out this replication, by instructing the jury that if they believed the evidence, they could not find for the plaintiff under replication 8.

Appellant's eighth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, and fifteenth assignments of error relate to, and present for review, the ruling of the court on the demurrer of defendant to plaintiff's replication No. 9, as amended. This replication, as amended, is: "The release relied upon by the defendant, alleged in said pleas, was procured by the defendant upon false representations made by its agent at that time acting within the line and scope of his authority, which false representations were that the deceased insured named in the policy sued on had tuberculosis at the time of the issuance and delivery of said policy and that plaintiff could not recover on the policy sued on, and plaintiff relied and acted upon said representations which were false and fraudulently made to her by the defendant's said agent and executed to the defendant the release set out in said pleas, and plaintiff says that she offered to return to defendant the amount of money paid her for said release and defendant refused to accept same; that plaintiff's said offered [offer] to return the amount of money paid her for said release, was made to defendant immediately after the discovery of the alleged fraud set up in said replication. And said agents while acting within the line and scope of their employment falsely and fraudulently represented to plaintiff that the deceased insured named in the policy sued on had tuberculosis at the time of the making of the application for insurance with the defendant company and that plaintiff could not recover on the policy sued on; and plaintiff relied upon said representations which were false and fraudulently made to her by the defendant's said agent and executed to the defendant the release set up in said plea."

The defendant attacked the sufficiency of the replication upon a number of grounds, the principal grounds argued in brief being directed to the failure of the replication to aver that the plaintiff kept her tender good by bringing into court the money tendered; and second, "that having executed the release, and having received a sum of money in satisfaction of her demand, a subsequent offer of that sum to an agent of the defendant would not destroy the contract of release, fully executed by payment and receipt of the money and signed by her."

In support of appellant's contention that the replication was insufficient in the particulars pointed out by the demurrer, we are cited to the case of Rabitte v. Ala. Gr. So. Rwy. Co., 158 Ala. 431, 47 So. 573, 574, and to section 9473 of the Code.

The replication filed in the Rabitte Case, supra, did not aver that the plaintiff, who sought to rescind the contract, had returned, or offered to return, the amount paid her by the railroad company in settlement of her claim. The decision of the court in that case pointed out that the principle invoked in the case had been applied by this court to cases of various kinds of agreements and contracts merely voidable, in consequence of fraudulent representations or acts practiced upon the party desiring to rescind the same. To put himself in position to rescind the voidable contract, this court, in the Rabitte Case, supra, which but reaffirmed the principle announced in the case of Harrison v. Ala. Mid. Rwy. Co., 144 Ala. 246, 40 So. 394, 6 Ann. Cas. 804, held that he must make restoration of what he has received from the adversary, "place him in statu quo, or he must show it was worthless, thus obviating the necessity to a restoration of the valueless [thing], or that an offer of restoral would have been futile, or that it had been waived."

■ This principle of law which requires restoration to the adversary party of the money, or thing of value, as a condition precedent to rescission, is subject to the limitation or qualification that if it be averred and proved that the thing received was valueless, or that an offer of restoral would have been futile, or that it had been waived, and, we may add further, if an offer to return had been seasonably made, and the offer refused, the failure to place the opposite party in statu quo ante would be excused.

■■ Replication 9, as amended, avers that the plaintiff had made a tender to the appellant before suit brought, and that this was done immediately after the discovery of the fraud. Construed as a whole, replication 9, as amended, was not subject to any grounds of demurrer assigned thereto. Section 9473 has no application to the case at bar. Had the plaintiff brought the money into court, along with her complaint, the acceptance of the money would not have ended the suit. Tenders contemplated by section 9473 are such as that their acceptance by the opposite party puts an end to the suit.

Our attention, in the above connection, is called to the case of Commercial Fire Ins. Co. v. Allen, 80 Ala. 579, 1 So. 202. The case is not an authority in point. In that case a suit was brought by Allen against the insurance company to recover for loss by fire, under a policy written by the appellant company. Plea 5 averred a tender of the amount of damages. The proof failed to show that

the tender was kept good by bringing the money into court. The court held that under section 2997 of the Code of 1876—now section 9473—this failure to keep the tender good by bringing the money into court was fatal to the defense attempted under the plea of tender. Why so? Because had the plaintiff, after the money was brought into court, concluded to accept the tender, and thereby end the litigation, he could not do so for the reason the money was not in court to be accepted. Had the money been in court, and had the plaintiff accepted it, the case would have been ended at once. Hanson v. Todd, 95 Ala. 328, 10 So. 354; Gardner v. Black, 98 Ala. 638, 12 So. 813.

In the instant case, had the plaintiff carried the tender money into court, and the defendant accepted it, that acceptance would not have terminated the suit. This should serve to demonstrate that section 9473 of the Code is not applicable to tenders in the class of cases now under consideration.

The appellant also insists that it was due the general charge in the case. The evidence presented a jury question, and the appellant was not due the general charge in its behalf as requested in writing.

■ The appellant also contends that it was due to have the jury instructed in the terms of its refused written charge 8. This charge withdrew from the jury consideration of material testimony of the plaintiff showing, or tending to show, that the defendant's agents, two of them, while telling the plaintiff what the doctor's certificate showed, by their statements in reference thereto they misled the plaintiff into signing the release, and also withdrew from the jury consideration of some parts of the testimony of defendant's two agents in reference to what they stated to plaintiff in connection with the doctor's certificate. The charge was refused without error.

■ The plaintiff was not required under replication 9, as amended, to prove the misrepresentations in their entirety. It would have been legally sufficient for her to have proved that the representation related solely to the condition of the health of the insured at the time of the issuance of the policy. If this representation was false, and made for the purpose of deceiving, and did deceive, the plaintiff, and she acted upon the representation believing it to be true, it would sustain the replication in this respect.

We have carefully considered appellant's motion for a new trial. We see no reason for judicial interference here with the verdict of the jury. Following the rule laid down in the case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, and subsequent decisions of this court in line therewith, we hold that the trial court committed no error in overruling defendant's motion for a new trial.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.