149 So. 861

**SOUTHERN BUILDING & LOAN ASS'N**
**v. HOLMES.**

**8 Div. 483.**

Supreme Court of Alabama.

April 27, 1933.

A. J. Harris and Julian Harris, both of Decatur, for petitioner.

Lange, Simpson & Brantley, of Birmingham, for respondent.

KNIGHT, Justice.

On the trial of the above-stated cause, the court refused, upon written request of defend-

ant, to instruct the jury in the language of the following charge: "22. I charge you, gentlemen of the jury, that if you are not reasonably satisfied from the evidence that the fraud practiced upon plaintiff, if you find there was fraud, was malicious, oppressive, or gross, and that the representations made were made with a knowledge of their falsity on the part of the defendant's agent (or so recklessly made as to amount to the same thing), and with the purpose of injuring the plaintiff, then you cannot assess punitive damages in favor of the plaintiff and against the defendant."

There were verdict and judgment for the plaintiff in the circuit court, and from that judgment the defendant, Southern Building & Loan Association, appealed to the Court of Appeals. On that appeal, the Court of Appeals concluded that the above-copied charge asserted a sound proposition of law, as applicable to the case, and reversed the trial court for refusing to give the charge.

Petitioner, May Holmes, has filed in this court her petition for certiorari to review and revise the judgment of the Court of Appeals, in holding that the circuit court erred in refusing to instruct the jury in the terms of the above charge. The correctness, vel non, of this charge is the sole question presented by the petition for review here.

The cause was tried on count 3 of the complaint as amended, which sought recovery of punitive, as well as compensatory, damages. The action was for deceit in the sale to plaintiff of forty units of defendant's stock.

■ Looking to the record, as we are permitted to do on this petition, we find that count 3 concludes with the following averment: "Plaintiff avers that the aforesaid representations of the said Abbott were false; they were wilfully made and knowingly false, and were made for the purpose of deceiving the plaintiff and did deceive the plaintiff who believed that the said $200.00, which she then and there paid the said Abbott, would bear interest at the rate of eight per cent. per annum and could be withdrawn by her at any time, and that she would be under no further obligation to the defendant."

■ It thus appears that knowledge of the falsity of the representations was one of the material inquiries for the determination of the jury. The burden of establishing the falsity of the representations and *knowledge of their falsity* was upon the plaintiff; but, of course, a fraudulent or reckless representation of facts as true, which the party may not know to be false, if intended to deceive, is equivalent to a knowledge of the falsehood.

■ The vice of the charge in question is, it submitted to the jury, for its determination, a question of law, viz.: When representations may be so recklessly made as to be equivalent to a knowledge of the falsehood. The effect of the charge was to leave the question to the determination of the jury, unaided "by definition or explanation." Such charges have been uniformly condemned by this court. Life & Casualty Co. v. Street, 213 Ala. 588, 105 So. 672; Riley v. Riley, 36 Ala. 496; Drake v. State, 60 Ala. 62; Chambers v. Morris, 149 Ala. 674, 42 So. 549; City Council of Montgomery v. Bradley, 159 Ala. 230, 234, 48 So. 809; Whitsett v. Belue, 172 Ala. 256, 54 So. 677; Jeffries v. Pitts, 200 Ala. 201, 75 So. 959; Doe ex dem. Anniston City Land Co. v. Edmondson, 145 Ala. 557, 40 So. 505; Jones v. State, 79 Ala. 23; Barlow v. Hamilton, 151 Ala. 634, 44 So. 657; Cooledge v. Collum, 211 Ala. 203, 100 So. 143.

■ Furthermore, the charge might well have been refused as being misleading, and not an accurate statement of the law. Nor are parenthetical statements in charges to be approved, as the legal effect of which has a tendency to render the same confusing to the jury.

We are at the conclusion that the trial court properly declined to give the charge in question, and that the Court of Appeals erred in reversing the judgment of the circuit court for its failure to give said charge.

A judgment will, accordingly, be here entered reversing the judgment of the Court of Appeals, and awarding the writ.

Writ awarded.

All the Justices concur, except THOMAS and FOSTER, JJ., who dissent.