# Drake *v.* The State.

*Indictment against Defaulting Witness before Grand Jury.*

1. *Sufficiency of indictment in description of process.*—An indictment which charges that the defendant, "having been regularly subpœnaed or summoned to appear as a witness before the grand jury, to answer as to any gaming within his knowledge, did fail or refuse to attend and testify in obedience to such summons, without a good excuse" (Code of 1876, §4136), is fatally defective on demurrer: it should contain a substantial description of the subpœna or summons and its service, as in the analogous case of resisting an officer in the execution of legal process.

2. *Excuse for default; by whom determinable, and charge as to.*—When a defaulting witness before the grand jury is proceeded against by indictment for a misdemeanor, the facts on which he relies as an excuse must be proved to the satisfaction of the jury, but the court must determine, as matter of law, whether they constitute a sufficient excuse; and a charge which refers the decision of this question to the jury, is erroneous.

FROM the County Court of Madison.

Tried before the Hon. WILLIAM RICHARDSON.

The indictment in this case was found by a grand jury of the Circuit Court, at its Spring term, 1877; and the case was transferred to the County Court, under the provisions of the act approved February 9, 1877.—Session Acts 1876-7, p. 149. The indictment contained but a single count, which charged that the defendant, "having been regularly subpœnaed or summoned to appear as a witness before the grand jury, to answer as to any gaming within his knowledge, did fail or refuse to attend and testify in obedience to such summons, without a good excuse; against the peace," &c. After a mistrial in the case, the defendant demurred to the indictment, assigning as grounds of demurrer—1st, that the facts alleged do not constitute any offense; 2d, that the indictment does not allege the year in which, nor the term at which, the defendant was required to appear before the grand jury; 3d, that it does not show that the supposed offense is not barred by the statute of limitations. The court overruled the demurrer, and the defendant then pleaded not guilty. On the trial, as appears from the bill of exceptions, the State introduced evidence showing that, at the same term at which the indictment was found, the defendant was summoned as a witness before the grand jury, to testify as to any gaming within his knowledge, and that he failed to attend; and the defendant introduced evidence tending to show that he had been afflicted with asthma for several years,

and that he had a severe attack of it during said term of the court. On this evidence, the court charged the jury, "that if the evidence showed that the defendant had been regularly subpœnaed to attend and testify before the grand jury of Madison county at its last Spring term, and failed to do so, and if he had shown no good and sufficient excuse for his failure to attend, then they must find him guilty; but, if they considered his excuse a good and sufficient one, then they must find him not guilty." To this charge the defendant excepted. The overruling of the demurrer to the indictment, and the charge to the jury, are now urged as error.

J. D. WEEDEN, for the defendant.—The indictment does not contain a sufficient description of the offense intended to be charged.— *United States v. Cruikshank*, 2 Otto, 558; *Seay v. The State*, 3 Stew. 131; *Doyle v. The State*, 49 Ala. 28. The sufficiency of the excuse was a matter to be determined by the court.—Rev. Code, § 3579. The charge of the court was, therefore, erroneous.

JOHN W. A. SANFORD, Attorney-General, for the State.

BRICKELL, C. J.—The indictment is founded on section 4136 of the Code of 1876, which declares a witness failing or refusing, without a good excuse, to be determined by the court, in obedience to a summons, to appear before the grand jury, and testify as to any gaming within his knowledge, is guilty of a contempt, and also of a misdemeanor. There is no averment in the indictment of the character of the summons issued to the defendant, nor by whom, or what authority it was issued, nor by whom, or when it was served, nor when it was returnable. The offense is of the same character as that of resisting process; and an indictment for it, according to the rules of pleading at common law, would have been fatally defective, unless it averred the issue of a summons by proper authority, with a proper description of it, the time of its return, and service by a proper officer.— 2 Bish.' Cr. Pr. §§ 891-93. The statutes have changed the common-law rules of criminal pleading, dispensing with many averments which were regarded as indispensable, reducing indictments rather to a statement of legal conclusions than of facts. Forms of indictments for many offenses are given, which are declared sufficient in all cases to which they are applicable; and it is further declared that, in other cases, analogous forms may be used.—Code of 1876, § 4824. A form is prescribed for resisting an officer in executing process, which states the officer, and contains a mere general

description of the process, stating its character, and the officer or authority issuing it. If the present indictment had stated, and thereby shown, that the summons issuing to the defendant was issued by an officer having authority to issue it, and the officer by whom it was served, it would have conformed substantially to the form of indictment for the analogous offense of resisting process, and would have been sufficient. Without these averments, it is insufficient. A witness is not bound to obey any other than a legal summons, legally served; and until the issue and service of such process is averred and proved, the court can pronounce no judgment against him. The County Court should have sustained the demurrer.

2. The statute authorizes a proceeding against the delinquent witness for a contempt, and for a misdemeanor. If the proceeding is for a contempt, the court, without the intervention of a jury, hears the evidence, and pronounces judgment. Of necessity, if the witness offers an excuse, the court must then determine its sufficiency—in the words of the statute, whether it is a good excuse. The affidavit of the witness may then be received, or the court may examine him orally. But, when the witness is proceeded against by indictment for a misdemeanor, he has a right to a trial by jury; and of that trial the indispensable elements are, that the court must adjudge the law, and the jury render a verdict on the facts. The defendant cannot, by his own affidavit, or his oral examination, testify as to any fact. The excuse on which he relies, if he makes any, must be proved by witnesses. The jury determine, as matter of fact, whether it is proved : but, whether the facts relied on are, as matter of law, a sufficient excuse, the court must determine. The County Court erred, in referring to the jury a question of law, which it should have decided—what was a sufficient excuse for failing or refusing to obey the summons to appear before the grand jury.—1 Brick. Dig. 337, § 25.

The judgment must be reversed, and the cause remanded. The prisoner must remain in custody, until discharged by due course of law.