## Rome Industrial Insurance Company *v.* Eidson.

ATKINSON, J. 1. Where a policy of insurance contained the provision, "Should this policy become void in consequence of non-payment of premium, it may be revived, if not more than fifty-two premiums are due, upon payment of all arrears and the presentation of evidence satisfactory to the company of the sound health of the insured," the insured acquired a contract right to revive the policy, after a lapse, upon complying with the conditions. Upon compliance with such conditions the insurer is bound to act with reasonable promptness and fairness in passing upon the application, and to notify the insured of the result, and for failure so to do will be estopped from denying that the policy has been revived. *Rome Industrial Insurance Co.* v. *Eidson,* 138 *Ga.* 592 (75 S. E. 657); Leonard *v.* Prudential Life Insurance Co., 128 Wis. 348 (107 N. W. 646, 116 Am. St. R. 50).

2. In a suit on such a policy which has lapsed because of non-payment of premiums, but wherein the plaintiff is alleged to have complied with the terms of the conditions necessary to revive the policy, and the insurer to have retained the application for revival for an unreasonable time and rejected the application after the death of the insured, the burden is upon the plaintiff to prove compliance with the terms of the contract providing for revival.

3. In making proof of compliance with the conditions as mentioned in the preceding note, testimony by an agent as to receipt of the amount requisite to a revival of the policy, and of a course of dealing wherein the money was deposited in a bank in common with other money received on new applications, is admissible.

(*a*) The fact that, by virtue of certain restrictions in the policy, the agent so receiving the money paid to revive the policy may not have been authorized to bind the company in the matter of reviving the policy would not render such testimony inadmissible, if the officers having power to bind the company drew out the money knowing that some of it was received for the purpose of reviving the policy.

(*b*) Testimony that after the death of the insured the president of the company offered to repay the plaintiff the money paid to procure a revival of the policy is admissible as tending to show that the company actually received the money with notice that it was for arrears on this policy. Accordingly, there was no error in receiving the evidence referred to in the 2d and 3d grounds of the amended motion for new trial.

4. Where it was alleged in the petition that the application for revival was received by the insurer on August 8, and was retained without giving the insured notice either that the policy was to be considered as revived or that the application was declined or rejected, and the insured died on September 2, without having received such notice, and that subsequently the insurer sought to evade its liability by pretending that it had not received the premium and had rejected the application on or before August 28, it was competent on that issue to show that the receipt book, wherein the local agent had receipted for money paid by the insured for revival of the policy, as of date August 8, had been changed, and, after the death of the insured, that the local agents

made out a new book and did away with the old book in which the money had been receipted for.

5. It was unnecessary, but no cause for a new trial, for the judge to allow the plaintiff to read in evidence a paragraph of the defendant's answer which contained an admission to the effect that on the date as claimed in the petition the deceased made an application to revive the policy in the usual form, together with evidence of good health, and an averment that for good and sufficient reason the application for revival was declined and the deceased notified to that effect on the 20th day after the filing of the application.

6. The excerpts from the charge on which error was assigned were not erroneous on the ground that they were unauthorized by the evidence.

*Judgment affirmed. All the Justices concur.*
AUGUST 18, 1914.

Action upon insurance policy. Before Judge Ellis. Fulton superior court. July 5, 1913.

*Anderson & Rountree* and *R. W. Crenshaw*, for plaintiff in error.
*Napier, Wright & Wood* and *George W. Stevens*, contra.