## LIFE & CASUALTY CO. OF TENNESSEE v. STREET. (6 Div. 211.)

(Supreme Court of Alabama. June 30, 1925. Rehearing Denied Oct. 22, 1925.)

**1. Pleading ☞280—Allowing defendant to file plea asserting new defense after plaintiff's testimony closed discretionary with trial court.**

In an action on an insurance policy, where plaintiff's testimony had closed, and one of defendant's chief witnesses had been examined, allowance by trial court, vel non, of the filing of a plea by defendant, setting up a new and substantive defense was discretionary, inasmuch as such plea not being one of form but of substance, was not within purview of Code 1923, §§ 9513, 9516.

**2. Appeal and error ☞918(1)—Presumed conditions existed which justified trial court in imposing conditions on allowing amended plea to be filed.**

Where there was nothing in judgment, entry, or bill of exceptions to negative the fact that an amendment of the pleading would operate to cause delay or injustice to opposite party, appellate court will presume that conditions existed justifying trial court in imposing conditions as to continuance and costs of court on allowing amendment.

**3. Insurance ☞365(1)—Stipulations in policy as to mode of revival for protection of insurer may be waived expressly or by implication.**

Stipulations in an insurance policy as to the mode of its revival after lapse are for the benefit of the insurer, and may be either waived expressly or by implication.

**4. Insurance ☞365(1)—Provision for revival of policy, construed strongly against company, held to mean application for revival may be made to company's agent.**

Provision in insurance policy making reinstatement of lapsed policy optional with company, but not requiring action by any executive officer at the home office of the company, held to authorize application to local agent, who may receive it on behalf of company.

**5. Insurance ☞365(1)—Undue delay in acting upon application for revival, or failure to communicate refusal thereof, may amount to a waiver or effect a revival.**

Undue delay in acting upon application for revival of lapsed policy, or failure to communicate the fact of the refusal of application to insured, may amount to a waiver of formal requirements or operate as an effective revival.

**6. Insurance ☞668(15)—Evidence held to bring case within operation of principles relative to waiver as affecting revival of policy, and to make case for jury.**

In proceeding on a sick and accident policy, evidence held to bring case within operation of principles relative to waiver as affecting revival of policy, and to make a case for the determination of the jury.

**7. Insurance ☞669(8)—Charge that there could be no revival of lapsed policy, unless policy stamped to that effect at home office, properly refused.**

In an action on an insurance policy, a requested instruction that there could be no revival of a lapsed policy, unless policy was stamped to that effect, or unless it was so stamped at home office, held properly refused.

**8. Trial ☞253(5)—Charge that lapse of policy would defeat recovery, which ignored question of revival, properly refused.**

In an action on an insurance policy, where defense was that policy had lapsed, requested charge that lapse of policy would defeat recovery, ignoring question of revival, properly refused.

**9. Insurance ☞669(8)—Trial ☞194(11)—Charge that under terms of policy no agent of company had right to revive it properly refused.**

In an action on an insurance policy, where defense was that policy had lapsed, a requested charge that under the terms of the policy no agent had right to revive it was properly refused, being an unwarranted construction of its terms and misleading in view of evidence.

**10. Trial ☞251(6)—Charge denying recovery because assured had tuberculosis at time policy delivered not proper, where no defensive plea presented such issue.**

In an action on an insurance policy, a requested charge denying recovery on the hypothesis that assured had tuberculosis at the time policy sued on was delivered was not proper, where there was no defensive plea presenting such issue and no evidence of that fact.

**11. Trial ☞260(9)—Requested charge that revival of policy was at option of company not erroneously refused, where covered by given charges.**

In an action on an insurance policy, a requested charge that, under the terms of the policy, its revival after lapse was at the option of insurance company, was not erroneously refused, where it was clearly covered by given charges.

**12. Trial ☞199, 219—Charge, leaving to determination of jury, unaided by definition or explanation, what would constitute revival and requirements of sufficient tender, erroneous.**

In an action on a life insurance policy, an instruction relative to tender of premiums and revival of policy held erroneous, inasmuch as it left to the determination of the jury, unaided by explanation or definition, what would constitute a revival, or what facts would show a sufficient tender of premiums due.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action on a policy of life insurance by Alice Street against the Life & Casualty Company of Tennessee. From a judgment for plaintiff, defendant appeals. Transferred from the Court of Appeals. Reversed and remanded.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Count 2, on which the suit was tried, is as follows:

"Plaintiff claims of defendant two hundred and twenty-five dollars ($225.00) due on a policy whereby the defendant on the 11th day of October, 1920, insured for a term of one week and from week to week thereafter as the premiums thereon were paid the life of Cora Lee Street, who died on the 7th day of June, 1922, of which defendant has had notice; said policy is the property of the plaintiff. The plaintiff says that at the time of the death of said Cora Lee Street the premiums on said policy had been paid or duly tendered defendant and the said policy was in force and effect."

Huey & Welch, of Bessemer, for appellant.

The complaint is not sufficient to show tender of premiums and that the policy was in force. U. S. H. & A. Co. v. Veitch, 161 Ala. 630, 50 So. 95; Pence v. M. B. L. Ins. Co., 180 Ala. 583, 61 So. 817; 12 Michie's Ala. Dig. 251, 256. The charge given at plaintiff's request submits questions of law to the jury, and is erroneous. 25 Cyc. 847; 12 Michie's Ala. Dig. 251, 256; Jeffries v. Pitts, 200 Ala. 201, 75 So. 959; Greenwood Café v. Walsh, 15 Ala. App. 519, 74 So. 82; City Council v. Bradley & Edwards, 159 Ala. 230, 48 So. 809; Owen v. Moxon, 167 Ala. 615, 52 So. 527; Whitsett v. Belue, 172 Ala. 256, 54 So. 677. No agent of the insurer had the right to revive the policy; this could only be done at the home office of the company. 25 Cyc. 847; 14 R. C. L. 988; Nat. L. Ins. Co. v. Lokey, 166 Ala. 174, 52 So. 45; Comm. F. Ins. Co. v. Morris, 105 Ala. 498, 18 So. 34. A lapsed policy is dead, and no recovery can be had thereon. Authorities ubi supra. If insured had tuberculosis at the time the policy was delivered, there could be no recovery thereon. Cherokee L. Ins. Co. v. Brannum, 203 Ala. 145, 82 So. 175; Manhattan L. Ins. Co. v. Hereford, 172 Ala. 434, 55 So. 497; Batson v. Fidelity M. L. Ins. Co., 155 Ala. 265, 46 So. 578, 130 Am. St. Rep. 21. Defendant should have been permitted to file special plea, after plaintiff's evidence closed, without condition. Code 1907, §§ 5367, 5369; Hanchey v. Brunson, 181 Ala. 453, 61 So. 258; S. A. & M. Ry. v. Buford, 106 Ala. 303, 17 So. 395; Huggins v. Sou. Ry., 148 Ala. 153, 41 So. 856. The defendant was due the affirmative charges requested. Insurance Co. v. Osborn, 90 Ala. 201, 9 So. 869, 13 L. R. A. 267; So. Cot. Oil Co. v. Dowling, 204 Ala. 303, 85 So. 544.

Goodwyn & Ross, of Bessemer, and J. D. Pope, of Birmingham, for appellee.

The complaint in this case is sufficient. Comm. L. Ins. Co. v. Roy, 204 Ala. 560, 86 So. 522. The charge given at plaintiff's request is a correct statement of law. Comm. L. Ins. Co. v. Roy, supra. Charges requested by defendant were clearly bad.

SOMERVILLE, J. The complaint in this case is an exact duplication of the complaint in Commonwealth Life Ins. Co. v. Roy, 17 Ala. App. 434, 86 So. 590, which, on review, we held to be in substantial compliance with form No. 12 of the Code, and not subject to the demurrer interposed. The additional grounds of demurrer here presented are clearly without merit.

[1] During the trial of the cause, after plaintiff's testimony was closed and one of defendant's chief witnesses had been examined, defendant offered to file a special plea, setting up a special provision of the insurance contract rendering it invalid if the insured was not in sound health at the time of the delivery of the policy, and alleging that the insured was not at that time in sound health, but was afflicted with tuberculosis from which she soon afterwards died. Plaintiff objected to the filing of the plea at that stage of the trial, on the ground that it opened up new matter, and plaintiff's testimony was already in. Counsel for defendant then stated that the plea was to meet plaintiff's testimony, and that they expected to rely on that testimony to prove the plea. The trial court assented to the filing of this plea, on the conditions that the trial should be continued and that defendant should pay the costs of the term. Defendant declined to accept these conditions, and excepted to the ruling of the court.

[2] The plea thus offered by defendant was not for the amendment of any imperfection or defect of form, but asserted a new and substantive defense. It was therefore not within the purview of sections 9513 and 9516 of the Code (sections 5367 and 5369, Code 1907), and its allowance, vel non, was a matter within the sound discretion of the trial court. Cahaba Southern Mining Co. v. Pratt, 146 Ala. 245, 40 So. 943. But even if it were within the statutes, when there is nothing in the judgment entry or the bill of exceptions to negative the fact that the amendment would operate to cause a delay or injustice to the opposite party, the appellate court will presume that conditions existed which justified the trial court in the imposition of conditions as to continuance and costs of court. Hanchey v. Brunson, 181 Ala. 453, 61 So. 258.

The policy sued on is a combination "sick and accident" and "endowment" policy; the endowment feature being a provision for the payment of $115 to the beneficiary upon the death of the insured. It was issued on October 11, 1920, and it is without dispute that the policy lapsed by reason of the nonpayment of premium dues after August 22, 1921. Plaintiff's contention is that the policy was thereafter revived and treated as being in force by the defendant company; that she duly paid or tendered to defendant's local agent each and every premium installment

that became due; and that thereby the policy was kept alive and in full force until the death of the insured in June, 1922. Defendant's contention is that the policy was never revived by the company, and that the money paid by plaintiff to the company's agent to cover the cost of the revival was returned to plaintiff, and the policy was regarded as lapsed. The real question at issue, therefore, was whether the policy had been effectively revived by the company; the inquiry involving the acts and conduct of the local agent, Macon, and his authority to bind the company in the premises. Pertinent to this inquiry, paragraph 10 of the policy stipulates:

"Agents (which term includes superintendents and assistant superintendents) are not authorized and have no power to make, alter or discharge contracts, or waive forfeitures, or to receive premiums on policies in arrears more than four weeks, or to receipt for same on the premium receipt book, and all such arrears given to an agent shall be at the risk of those who pay them, and shall not be credited to the policy, whether entered in the premium receipt book or not. Policies having lapsed may be revived by the company at its option, upon written application of the insured, provided that the company's consent to such a revival shall appear by indorsement upon the face of the policy, and there shall be no liability whatever under this contract for any disability or death resulting from an accident occurring or illness contracted or commencing prior to the date of the revival indorsement hereon as aforesaid."

[3, 4] It is clear that, upon the application of the insured, revival is at the option of the company. The stipulations as to the mode of revival, and the limitation upon its effect, are, however, for the protection of the insurer, and may be waived either expressly or by implication. U. S. Life Ins. Co. v. Lesser, 126 Ala. 568, 28 So. 646; 37 Corpus Juris, 499, § 241. The revival contemplated by the provision quoted does not require action by an executive officer at the home office of the company. Construing it more strongly against the insurer, it reasonably means that the application may be made to the local agent, and that he may receive it on behalf of the company. Certainly, soliciting the revival of a lapsed policy must be placed in the same category as soliciting original business.

"Insurer may be bound by the acts of its agents with respect to waiver or estoppel as to conditions for reinstatement even, in some jurisdictions, where the policy contains an express limitation on the power of agents in this respect, and, notwithstanding such limitation, insurer may by its acts extend the authority of its agents." 37 Corp. Jur. 499, § 241.

[5] It was evidently contemplated that applications for revival of lapsed policies should be made to the company through the medium of its local agents, and an application to the agent is in legal effect an application to the company. Hence the authorities have soundly held that undue delay in acting upon the application, or failure to communicate to the insured the fact of the rejection of his application, may amount to a waiver of formal requirements, and operate as an effective revival. Rome Ind.·Ins. Co. v. Eidson, 142 Ga. 253, 82 S. E. 641; Mettner v. N. W. Nat. Life Ins. Co., 127 Iowa, 205, 103 N. W. 112; Lechler v. Montana Life Ins. Co., 48 N. D. 644, 186 N. W. 271, 23 A. L. R. 1193; 37 Corp. Jur. 500.

[6] The evidence offered for the plaintiff, especially her own testimony, brings this case within the operation of these principles, and made the question of revival vel non one for the jury to determine. If this court had been sitting as a jury, we might well have found against the plaintiff on all the evidence, but we cannot apply that test.

[7, 8] The trial judge properly refused to charge the jury at defendant's request that there could be no revival of the policy, unless it was stamped to that effect, or unless it was so stamped at the home office. So a charge that the mere fact that the policy had once lapsed, ignoring the question of revival, would defeat recovery, was properly refused.

[9] The charge that under the terms of the policy no agent of the defendant company had the right to revive it would have been an unwarranted construction of its terms, and would, moreover, have been misleading in its tendency in view of the evidence.

[10] There was no evidence that the assured had tuberculosis at the time the policy sued on was delivered; but, in any case, there was no defensive plea presenting that issue, and hence a charge denying recovery on that hypothesis was not proper.

[11] Under the terms of the policy, its revival was at the option of the company. One of the defendant's refused charges asserted that proposition, but it was clearly covered by one of the given charges, and its refusal was not prejudicial error.

[12] At plaintiff's request the following charge was given to the jury:

"If you are reasonably satisfied by the evidence that the plaintiff tendered the defendant all that it was due under the policy, which is made the basis of this suit, and such tender was made after such policy was revived, if the same was revived, and defendant refused to accept such tender, then the plaintiff was not under any duty to continue to remake such tender."

Appellant's criticism of this charge is that it improperly and erroneously submits to the jury two questions of law, viz.: What facts may constitute a revival of the policy; and what facts show a sufficient tender of premium dues. This criticism is, we think, well founded. The trial judge should have explained to the jury what facts would constitute a revival of the policy, and also should have explained the requirements for

a sufficient tender. The effect of the charge was to leave both questions to the determination of the jury, unaided by definition or explanation. Numerous authorities condemn such charges: Riley v. Riley, 36 Ala. 496; Drake v. State, 60 Ala. 62; Chambers v. Morris, 149 Ala. 674, 42 So. 549;* City Council v. Bradley, 159 Ala. 230, 234, 48 So. 809; Whitsett v. Belue, 172 Ala. 256, 54 So. 677; Jeffries v. Pitts, 200 Ala. 201, 75 So. 959; Greenwood Café v. Walsh, 15 Ala. App. 519, 74 So. 82.

If the record showed that the jury were properly enlightened as to the facts which would constitute a tender and a revival of the policy, either in the oral charge or in any other written charge, the charge in question would not be erroneous; but nothing of that sort appears.

For this error, which was probably prejudicial as we view the evidence, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.